| | |
|---|---|
| 1 | JOHNSON FISTEL, LLP |
| | Frank J. Johnson, Esq. (SBN 174882) |
| 2 | FrankJ@johnsonfistel.com |
| | Kristen O'Connor, Esq. (SBN 305113) |
| 3 | KristenO@johnsonfistel.com |
| | 655 West Broadway, Suite 1400 |
| 4 | San Diego, CA 92101 |
| | Telephone: (619) 230-0063 |
| 5 | Facsimile: (619) 255-1856 |
| 6 | *Local Counsel for Plaintiff* |
| 7 | SPRAGENS LAW PLC |
| | John Spragens, TN Bar No. 31455 |
| 8 | (Pro Hac Vice forthcoming) |
| | john@spragenslaw.com |
| 9 | 311 22nd Ave. No. |
| | Nashville, TN 37203 |
| 10 | Telephone: (615) 983-8900 |
| | Facsimile: (615) 682-8533 |
| 11 | |
| | *Lead Counsel for Plaintiff* |
| 12 | |

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRIAN P. MANOOKIAN, | | Case No.: '21CV0562 WQHBLM |
| Plaintiff, | | |
| v. | | **COMPLAINT FOR (1) LEGAL NEGLIGENCE AND (2) BREACH OF FIDUCIARY DUTY** |
| BONA LAW P.C., JAROD BONA, DAVID CODELL, AARON GOTT, LUKE HAASKAMP, AND LUIZ BLANQUEZ, | | |
| Defendants. | | **JURY TRIAL DEMANDED** |

1
COMPLAINT FOR (1) LEGAL NEGLIGENCE AND (2) BREACH OF FIDUCIARY DUTY

For his complaint, Plaintiff Brian P. Manookian alleges the following upon actual knowledge with respect to himself and his own acts, and upon information and belief as to all other matters:

## NATURE OF THE ACTION

1. The Defendants (collectively "the Bona Parties") are lawyers and a law firm that hold themselves out to be specialists in the areas of anti-trust and appellate law. The Plaintiff is an individual that retained the Bona Parties to file a federal antitrust lawsuit ("the Antitrust Suit") on his behalf which sought recovery of significant economic, non-economic, and punitive damages as a result of wrongful conduct perpetrated on Mr. Manookian by certain third parties.

2. The Antitrust Suit was well-founded in fact and law, and the Bona Parties repeatedly attested to the same by presenting and signing pleadings in the matter. The Antitrust Suit was ultimately dismissed by the United States Sixth Circuit Court of Appeals because the Bona Parties missed a mandatory filing deadline by over one hundred and twenty (120) days.

3. This lawsuit seeks compensatory and punitive damages against the Bona Parties. The Bona Parties failure to recognize and meet a mandatory filing deadline constitutes legal malpractice, legal negligence, and breach of fiduciary duties.

## JURISDICTION AND VENUE

4. The Court has original jurisdiction over this matter pursuant to 28 U.S. Code § 1332 because the amount in controversy exceeds seventy-five thousand dollars ($75,000) and is between citizens of different States.

5. Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this action occurred in this district.

**PARTIES**

6.  Plaintiff Brian Manookian is a U.S. citizen and resident of the State of Tennessee.

7.  Defendant Bona Law P.C. ("Bona Law") is a professional corporation licensed to do business in the State of California. Bona Law may be served with process at 4275 Executive Square, Suite 200, La Jolla, California, 92037 through its registered agent for service of process, Jarod Bona.

8.  Defendant Jarod Bona is a United States citizen and resident of the State of California. Defendant Bona is an attorney licensed to practice law in the State of California. He may be served with process at 4275 Executive Square, Suite 200, La Jolla, California, 92037.

9.  Defendant David Codell is a United States citizen and resident of the State of California. Defendant Codell is an attorney licensed to practice law in the State of California. He may be served with process at 145 South Orange Drive, Los Angeles, California, 90036.

10. Defendant Aaron Gott is a United States citizen and resident of the State of Minnesota. Defendant Gott is an attorney licensed to practice law in the State of Minnesota. Aaron Gott practices law in the United States Southern District of California. He may be served with process at 315 1st Avenue Northeast, Apartment 1951, Minneapolis, Minnesota, 55413.

11. Defendant Luke Haaskamp is a United States citizen and resident of the State of Minnesota. Defendant Haaskamp is an attorney licensed to practice law in the State of Minnesota. Luke Haaskamp practices law in the United States Southern District of California. He may be served with process at 5261 East Abbeyfield Street, Long Beach, CA 90815.

12. Defendant Luiz Blanquez is a United States citizen and resident of the State of California. Defendant Blanquez is an attorney licensed to practice law in the State of California. Luis Blanquez practices law in the United States

COMPLAINT FOR (1) LEGAL NEGLIGENCE AND (2) BREACH OF FIDUCIARY DUTY

Southern District of California. He may be served with process at 4275 Executive Square, Suite 200, La Jolla, California, 92037.

13. Each Defendant (collectively "the Bona Parties") acted as the principal of or agent for each other Defendant as to the acts, violations, and common course of conduct alleged in this complaint.

14. Defendants and their agents participated personally in the unlawful, negligent, and tortious conduct challenged in this complaint and, to the extent they did not personally participate, they authorized, acquiesced, set in motion, or otherwise failed to take necessary steps to prevent the acts complained of in this complaint.

## SUBSTANTIVE ALLEGATIONS

15. Mr. Manookian is a highly skilled and successful lawyer who has practiced law in Tennessee for over a decade. He graduated with honors from Vanderbilt Law School on scholarship in 2007 where he served as an editor for the Vanderbilt Law Review.

16. Since approximately 2015, Mr. Manookian has focused his legal practice on the representation of plaintiffs injured by the medical malpractice of physicians, hospitals, and health care providers. His practice was highly lucrative. Mr. Manookian annually recovered tens of millions of dollars on behalf of his clients and was highly compensated as a result.

17. On March 20, 2019, Mr. Manookian retained the Bona Parties to represent him in the Antitrust Suit. The Antitrust Suit alleged, among other things, that Mr. Manookian's competitors had acted to illegally exclude him from the market for legal services, thereby resulting in millions of dollars of damages to Mr. Manookian in the form of actual, demonstrable lost income as well as additional reputational damage.

18. In furtherance of their arrangement, Mr. Manookian and Defendant Jarod Bona executed an attorney-client engagement agreement, and Mr. Manookian paid a fee to the Bona Parties.

19. The Antitrust Suit was filed on April 29, 2019 in the United States District Court for the Middle District of Tennessee. The case was styled *Manookian v. Flippin, et al.* and assigned Case No. 19-cv-00350. The Complaint in that matter accurately sets forth the claims the Bona Parties were retained to prosecute, and to which they certified had factual and legal merit.

20. The allegations in the Antitrust Suit were well-founded in fact and law. The Bona Parties undertook an investigation of the factual and legal bases for the Antitrust Suit prior to its filing and concluded that it had merit and was non-frivolous.

21. The Bona Parties repeatedly certified the merits of the Antitrust Suit; consistently expressing the same to Mr. Manookian. Toward that end, the Bona Parties issued a press release upon the filing of the Antitrust Suit publicly proclaiming its meritorious nature and further posted at least one article regarding the meritorious nature of the Antitrust Suit to the Bona Law website.

22. On February 28, 2020, the United States District Court for the Middle District of Tennessee issued an order ("the Negligently Appealed Order"), among other things, dismissing Mr. Manookian's claims for damages in the Antitrust Suit.

23. Shortly after the issuance of the Negligently Appealed Order, the Bona Parties assured Mr. Manookian that the Order was legally unsound and should be appealed. The Bona Parties expressly stated to Mr. Manookian in at least two (2) phone calls that United States District Court Judges are frequently unfamiliar with the nuances of antitrust law and that the Negligently Appealed Order would, in the view of the Bona Parties, be overturned on appeal.

24. The Bona Parties subsequently assured Mr. Manookian on multiple occasions that the Negligently Appealed Order was not final and therefore not subject to the thirty (30) day deadline for appeal.

25. As a result, the Bona Parties only filed a Notice of Appeal for the Negligently Appealed Order one hundred and seventy-seven (177) days later.

26. On January 5, 2021, the United States Court of Appeals for the Sixth Circuit issued an opinion finding that the Bona Parties, on behalf of Mr. Manookian, had missed the deadline for filing the Notice of Appeal by one hundred and seventy-seven (177) days.

27. As a result, Mr. Manookian's substantial claims for damages (the merit of which the Bona Parties attested to in scores of emails, press releases, laudatory articles, and federally filed pleadings) have been forever waived, lost, and foregone.

28. Following the issuance of the Sixth Circuit's opinion, David Codell and Jarod Bona wrote to Brian Manookian falsely and fraudulently characterizing the Sixth Circuit's holding in an attempt to evade liability for their own negligence and gross recklessness. The Bona Parties additionally stated that any further attempts to appeal would be futile.

## FIRST CLAIM
## Legal Negligence

29. Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates by reference each preceding paragraph as if fully set forth at length herein.

30. An attorney-client relationship existed between Brian Manookian and each of the Bona Parties.

31. As Brian Manookian's legal counsel, the Bona Parties owed Mr. Manookian a duty of reasonable care for all matters on which the Bona Parties acted on Mr. Manookian's behalf.

32. The Bona Parties breached the applicable standard of care by committing the acts or omissions described above.

33. The negligence of the Bona Parties has directly and proximately caused damage to Brian Manookian in an amount to be determined at trial but not less than twenty million dollars ($20,000,000).

## SECOND CLAIM

### Breach of Fiduciary Duty

34. Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates by reference each preceding paragraph as if fully set forth at length herein.

35. The Bona Parties, as licensed legal professionals, owed a fiduciary duty to Brian Manookian under which they were required to represent him with the utmost care, diligence, honesty, and competency.

36. The Bona Parties breached their fiduciary duties to Brian Manookian by committing the acts described above.

37. As a direct and proximate cause of the breaches of fiduciary duties owed Brian Manookian, the Bona Parties have caused damages to Mr. Manookian in an amount to be determined at trial but not less than twenty million dollars ($20,000,000).

### REQUEST FOR RELIEF

WHEREFORE, Mr. Manookian requests that this Court:

A. Enter judgment against Defendants for direct and consequential damages not less than twenty million dollars ($20,000,000);

B. Enter judgment against Defendants for punitive damages;

C. Award Mr. Manookian pre- and post-judgment interest at the applicable rates on all amounts awarded; and

D. Order any other such relief as the Court deems appropriate.

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims.

Dated: March 30, 2021

**JOHNSON FISTEL, LLP**

By: /s/ *Frank J. Johnson*
FRANK J. JOHNSON
KRISTEN O'CONNOR
655 West Broadway, Suite 1400
San Diego, CA 92101
Telephone: (619) 230-0063
Facsimile: (619) 255-1856
frankj@johnsonfistel.com
kristeno@johnsonfistel.com

*Local Counsel for Plaintiff*

**SPRAGENS LAW PLC**
John Spragens, TN Bar No. 31455
*(Pro Hac Vice forthcoming)*
311 22nd Ave. N.
Nashville, TN 37203
Telephone: (615) 983-8900
Facsimile: (615) 682-8533
john@spragenslaw.com

*Lead Counsel for Plaintiff*