1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   BRIAN SLOME, SB# 238134
2    E-Mail: Brian.Slome@lewisbrisbois.com
   KENNETH C. FELDMAN, SB# 130699
3    E-Mail: Ken.Feldman@lewisbrisbois.com
   LINDSEY M. BALL, SB# 299707
4    E-Mail: Lindsey.Ball@lewisbrisbois.com
   550 West C Street, Suite 1700
5  San Diego, California 92101
   Telephone: 619.233.1006
6  Facsimile: 619.233.8627

7  Attorneys for Defendants, Bona Law P.C.,
   Jarod Bona, David Codell, Aaron Gott,
8  Luke Hasskamp, and Luis Blanquez

9

                    UNITED STATES DISTRICT COURT

10

                  SOUTHERN DISTRICT OF CALIFORNIA

11

12

13  BRIAN P. MANOOKIAN,                    Case No. 21CV0562 WQH BLM

14          Plaintiff,                     **DEFENDANTS' REPLY IN
                                           SUPPORT OF THEIR MOTION TO
                                           DISMISS THE COMPLAINT**
       vs.

15  BONA LAW P.C., JAROD BONA,             **FED RULES CIV. P. R. 12(b)(6)**
16  DAVID CODELL, AARON GOTT,
    LUKE HAASKAMP, AND LUIZ
17  BLANQUEZ;                              **Date:   September 27, 2021**
                                           **Hon. Judge William Q. Hayes**
18          Defendants.
                                           **"NO ORAL ARGUMENT UNLESS
19                                         REQUESTED BY THE COURT."**

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4829-6217-3692.4                                          Case No. 21CV0562 WQH BLM

1
2

**TABLE OF CONTENTS**

**Page**

3   I.      INTRODUCTION ....................................................................................... 4

4   II.     MANOOKIAN'S MALPRACTICE CLAIM FOR DAMAGES MUST
        BE DISMISSED BECAUSE HE CANNOT SHOW THAT HE
5       WOULD HAVE PREVAILED IN HIS UNDERLYING SUIT ...................... 5

6           A.     Manookian Fails to Plead a Plausible Theory of Actual Injury ............. 5

7           B.     Judicial Notice of the Disciplinary Proceedings Is Proper and
               Forecloses the Claims Against Defendants. ............................ 6
8
            C.     Manookian's Alternative Theory of Damages is Meritless .................. 8
9
10  III.    MANOOKIAN FAILS TO PLEAD FACTS THAT OVERCOME THE
        JUDGMENTAL IMMUNITY AFFIRMATIVE DEFENSE .......................... 9

11  IV.     MANOOKIAN CANNOT STATE A CLAIM FOR BREACH OF
        FIDUCIARY DUTY ..................................................................... 11
12
13  V.      MANOOKIAN CANNOT ALLEGE CLAIMS AGAINST
        BLANQUEZ AND HASSKAMP FOR BREACH OF FIDUCIARY
        DUTY ...................................................................................... 12
14
15  VI.     CONCLUSION ......................................................................... 12

    VII.    TIMELINE OF RELEVANT PROCEEDINGS……………………….....14
16
17
18
19
20
21
22
23
24
25
26
27
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## <u>TABLE OF AUTHORITIES</u>

2

3

**Federal Cases**

4

*Allied Waste N. Am., Inc. v. Lewis, King, Krieg & Waldrop, P.C.*,
  93 F. Supp. 3d 835 (M.D. Tenn. 2015) .................................................................. 11

5

6

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .......................................................................................... 5

7

8

*Atl. Richfield Co. v. USA Petrol. Co.*,
  495 U.S. 328 (1990) .......................................................................................... 5

9

10

*Balistreri v. Pacifica Police Dep't*,
  901 F.2d 696 (9th Cir. 1990) ................................................................................. 5

11

12

*Bell Atlantic Corporation v. Twombly*,
  550 U.S. 544 (2007) .......................................................................................... 5

13

*Hyland v. Liberty Mut. Fire Ins. Co.*,
  885 F.3d 482 (7th. Cir. 2018) ........................................................................... 11

14

15

*HyPoint Technology, Inc. v. Hewlett-Packard Co.*,
  949 F.2d 874 (6th Cir. 1991) ............................................................................... 5

16

17

*NRG Energy, Inc. v. Fuchs*,
  2011 U.S. Dist. LEXIS 46087 (S. Dist. Ct. Cal. April 28, 2011) ....................... 6

18

19

*Nw. Publications, Inc. v. Crumb*,
  752 F.2d 473 (9th Cir. 1985) ............................................................................... 6

20

21

*Quackenbush v. Allstate Ins. Co.*,
  517 U.S. 706 (1996) ........................................................................................ 10

22

23

*Quatkemeyer v. Kentucky Bd. of Med. Licensure*,
  506 F. App'x 342 (6th Cir. 2012) ....................................................................... 8

24

25

*RSM Richter, Inc. v. Behr Am., Inc.*,
  729 F.3d 553 (6th Cir. 2013) ........................................................................... 10

26

**State Cases**

27

28

*Everest Investors 8 v. Whitehall Real Estate Ltd. P'ship XI*,
  100 Cal. App. 4th 1102 (Cal. Ct. App. 2002).................................................... 12

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4829-6217-3692.4                                    2                         Case No. 21CV0562 WQH BLM
DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

*Remote Woodyards, LLC v. Estate of Neisler*,
   340 S.W.3d 411 (Tenn. Ct. App. 2009) ............................................................ 12

**Court Rules**

Federal Rule Civil Procedure, Rule 12(b)(6) ............................................................ 10

Federal Rule Civil Procedure, Rule 58 ..................................................................... 11

Federal Rule Civil Procedure, Rule 8(a)(2)'s ............................................................. 6

Federal Rule Civil Procedure, Rule 54 ................................................................. 9, 11

Federal Rule Civil Procedure, Rule 54(b) .................................................................. 5

Tennessee Supreme Court Rule 9 § 12.3 .................................................................... 8

**Treatises**

3 Am Jur 2d, Agency § 298 ...................................................................................... 12

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4829-6217-3692.4
3
Case No. 21CV0562 WQH BLM
DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

## I.    INTRODUCTION

Manookian used his legal license to participate in "terrifying" conduct, leaving the Tennessee Board of Professional Responsibility ("BPR") "utterly [amazed] that a lawyer (even a suspended one)" would engage in such actions. The recent BPR's disbarment report makes plain that Manookian could not have prevailed in his underlying antitrust claims against the BPR and its individual members; it forecloses any chance left that a jury would find that the BPR members whom Manookian sued under antitrust theories suspended him for anticompetitive reasons, rather than reasons related to the persistent complaints of third parties about his behavior.

The BPR's reports and recommendations based on alleged conduct not included in the underlying antitrust lawsuit further defeat Manookian's malpractice claims. Indeed, he fails to plead any nexus between Defendants' decision on how to appropriately challenge the district court's opinion in the underlying action and the injury he suffered from the ongoing suspensions (and later disbarment recommendation). Dogged by multiple claims of third parties—not BPR officials allegedly motivated by bias—that he regularly engages in unethical conduct, Manookian *could not have prevailed* in the underlying action even if he prevailed in his appeal because he could not have shown that the BPR defendants in the underlying antitrust case themselves (as opposed to Manookian's own actions) caused any of the injuries flowing from his suspension. The Court should reject Manookian's request to proceed to discovery. No amount of evidence or expert testimony could overcome the overwhelming and fatal factual and legal obstacles to success on the merits of his underlying claims.

Finally, as a matter of law, Manookian fails to plead facts that demonstrate how Bona Law's tactical judgment deviated in any manner from the applicable standard of care, other than the fact that he did not win, which should be insufficient to overcome the pleading standard.  Bona Law's judgment as to the appropriate strategy to respond to the underlying trial court's decision is immune from challenge under

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  the principle of judgmental immunity because it reflects sound and honest
2  considerations of the governing legal principles, and actions in pursuit thereof.

3

4  **II.    MANOOKIAN'S MALPRACTICE CLAIM FOR DAMAGES MUST**
5  **BE DISMISSED BECAUSE HE CANNOT SHOW THAT HE WOULD HAVE**
6  **PREVAILED IN HIS UNDERLYING SUIT**

7        **A.    Manookian Fails to Plead a Plausible Theory of Actual Injury**

8        Manookian makes conclusory allegations that Defendants caused him damage
9  when his Rule 54(b) motion did not secure an appeal after the Tennessee federal
10 district court dismissed his underlying antitrust case. But conclusory allegations are
11 not entitled to a presumption of truth. *Bell Atlantic Corporation v. Twombly*, 550 U.S.
12 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Manookian cannot establish
13 plausibility, i.e., a plausible claim that he lost a right to damages in the underlying
14 action. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). That is
15 because public records establish that he would be unable to prove an injury arising
16 from improper behavior alleged against the BPR members in the underlying district
17 court case. *HyPoint Technology, Inc. v. Hewlett-Packard Co*., 949 F.2d 874, 877 (6th
18 Cir. 1991).

19       The judicially noticeable BPR recommendation establishes that, before and
20 while suing the BPR members for antitrust violations, Manookian engaged in
21 unrelated acts that the BPR later described as "terrifying." Supp. RJN, Ex. 18 at 2.
22 The fact that Manookian was suspended and later disbarred for acts unrelated to those
23 alleged in the underlying antitrust lawsuit is sufficient to defeat Manookian's
24 underlying claims. This Court need not make findings on the specific facts within the
25 BPR recommendations. Thus, Manookian could not and cannot demonstrate that he
26 suffered an injury of the type the antitrust laws were designed to prevent—one caused
27 by anticompetitive acts by the underlying defendant BPR members. *Atl. Richfield Co.*
28 *v. USA Petrol. Co.*, 495 U.S. 328, 334 (1990); *HyPoint Technology, Inc. v. Hewlett-*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  *Packard Co.* 949 F.2d 874, 877 (6th Cir. 1991); *Nw. Publications, Inc. v. Crumb*, 752

2  F.2d 473, 476 (9th Cir. 1985).

3        Expert testimony cannot save Manookian because the law determines liability

4  in this case; it would only assist the Court in calculating any *amount* of damages—

5  which, here, would, at best, be speculative, even assuming liability.  *See, e.g. NRG*

6  *Energy, Inc. v. Fuchs*, 2011 U.S. Dist. LEXIS 46087 at 3-13 (S. Dist. Ct. Cal. April

7  28, 2011) ("It does not matter which standard this Court applies because Fuchs'

8  speculative claim of actual damages fails even Rule 8(a)(2)'s lower pleading

9  standard.").

10        Finally, Manookian points to the work Defendants performed in trying to obtain

11  a preliminary injunction order against BPR members during the October to November

12  2019 timeframe as proving that he would have prevailed against the BPR members

13  on an antitrust theory. *See* Pltf's Ex. 1. Manookian's argument does not follow.

14  Defendants had a duty to protect Manookian's interests while still waiting for the

15  disposition of the BPR officials' motion to dismiss in the Tennessee federal district

16  court. That duty encompassed arguing that he was entitled to injunctive relief while

17  the district court adjudicated the legal questions being raised by his antitrust suit and

18  says nothing of whether he would have prevailed in the antitrust proceedings.

19      **B.**    **Judicial Notice of the Disciplinary Proceedings Is Proper and**

20          **Forecloses the Claims Against Defendants.**

21        Manookian argues the Court should disregard the official records of other BPR

22  disciplinary proceedings in assessing whether his Complaint pleads a plausible case

23  against Defendants for damages, asserting that those matters are not implicated by the

24  four corners of the Complaint. This is false.  Even the District Court in the underlying

25  antitrust case, in its order dismissing his claims under *Parker* immunity and quasi-

26  judicial immunity challenges, judicially noticed and analyzed the then available

27  reports and recommendations and relevant Tennessee Supreme Court decisions. RJN,

28  Ex. 11. These reports and recommendations are properly subject to judicial notice by

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4829-6217-3692.4            **6**           Case No. 21CV0562 WQH BLM
DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

1    this Court as well, and they illustrate that Manookian's underlying claims became a

2    futile endeavor, regardless of whether his Sixth Circuit appeal was available.

3        These records show that a panel of BPR members who were *not* defendants in

4    the underlying case recommended that Manookian be disbarred from the practice of

5    law for conduct testified to by other counsel and lay-person victims that was not the

6    subject of the suspension that was challenged in the underlying antitrust action.

7    Manookian retained Bona Law for the sole purpose of litigating what Bona Law

8    believed at the time constituted a retaliatory and biased suspension in response to a

9    lawsuit that Manookian filed against a state court judge. *See* RJN, Ex. 8 ¶¶ 52-53. But

10   Manookian had engaged in and would continue to allegedly engage in other conduct

11   that jeopardized his law license throughout the entire relevant period—a legal reality

12   that is evidenced by the Tennessee federal district court order reciting in detail the

13   collateral disciplinary proceedings Manookian had been subject to as of February

14   2020. *See* RJN, Ex. 11 at 2-3.

15       The most recent BPR report recommends that Manookian be disbarred for

16   conduct that includes the alleged commission of perjury with the specific intention to

17   cause a mother to lose custody of her child around November 2018 and making threats

18   to opposing counsel about opposing counsel's wife and home, among other alleged

19   acts of misconduct reported by additional third parties. *See* Supp. RJN, Ex. 18 at 6-7,

20   18-19. Manookian's disbarment was recommended not on a summary basis but after

21   a formal evidentiary hearing with witness testimony before a completely different set

22   of decisionmakers than the defendants in the underlying case who were alleged to

23   have suspended Manookian with anticompetitive malice.

24       When Defendants filed the antitrust lawsuit, the factual allegations that served

25   as the basis of the pre-suit disciplinary proceedings against Manookian had not been

26   adjudicated at a formal hearing; indeed, the constitutional challenge underlying the

27   case against the BPR officials considered the summary suspension process under

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4829-6217-3692.4                                  7                      Case No. 21CV0562 WQH BLM
DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

1    Tennessee Supreme Court Rule 9, section 12.3.[1]

2    ### C.    Manookian's Alternative Theory of Damages is Meritless

3    Manookian claims that, even if his October 2019 suspension severed the chain

4    of causation for apportioning fault and damages, Defendants are still liable for

5    damages accruing from May to October 2019, asserting his antitrust claim was still

6    viable for the period after which his suspension was reinstated.

7    This argument does not merely assume that the Sixth Circuit would have

8    reversed the district court's determination that the individual BPR members were not

9    immune from suit under principles of quasi-judicial immunity (and other issues,

10   which this Court can review now). *Quatkemeyer v. Kentucky Bd. of Med. Licensure,*

11   506 F. App'x 342, 345 (6th Cir. 2012). It also assumes Manookian would have

12   prevailed to verdict by presenting his affirmative case to a jury on remand. Since the

13   subsequent disciplinary proceedings recommending disbarment remove any

14   possibility—indeed, any genuine dispute of material fact entitling him to even

15   proceed to trial—that Manookian suffered an injury flowing from unlawful,

16   anticompetitive conduct by the BPR defendants, he could not have prevailed and been

17   awarded anything even for the May to October 2019 time period he claims remains at

18   issue.

19   Recovery became virtually impossible in October 2019, when the Tennessee

20
21   [1] The underlying lawsuit challenged on due process grounds the Section 12.3 lawyer
     suspension process, which does not require a hearing prior to the BPR recommending
22   temporary suspension. The process can essentially continue in perpetuity until the
     Tennessee Supreme Court orders the BPR to conduct a hearing. In this case, the BPR
23   was ordered to conduct a hearing *after* Manookian filed the underlying federal
24   lawsuit; that hearing occurred on September 26, 2019. *See* RJN, Ex. 6 at 2.
     Thereafter, on October 11, 2019, the Tennessee Supreme Court affirmed his
25   suspension based on the facts adduced at the hearing. *See* RJN, Ex. 6.

26
27   The August 25th Report (supp. RJN, Ex. 18) indicates Manookian received
     another formal hearing on all six instances of misconduct on May 11-14, 2021, before
28   the BPR recommended his disbarment.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Supreme Court affirmed the recommendation for his suspension for reasons unrelated to those implicated by the antitrust suit and did so after a hearing was held. The Tennessee Supreme Court decision is clear that Manookian's suspension from May to October 2019 (among other periods) was proper. Moreover, the conduct described in the disbarment report and recommendation occurred before May 2019 and would be part of the record of any trial or other proceedings in the underlying antitrust lawsuit, even if the case could have survived.

Manookian hired Defendants to bring a lawsuit alleging that certain BPR officials were motivated by anticompetitive bias and suspended him without a hearing on pretext. It is now a matter of public record that a completely different set of decisionmakers found Manookian previously, contemporaneously, and later to have engaged in misconduct that placed his ability and fitness to practice law at issue in "terrifying" ways. Any claim by Manookian that a single summary suspension was motivated by bias became untenable when he was found to have engaged in multiple sets of independent and unrelated misconduct by independent groups of decisionmakers (and the Tennessee Supreme Court) after a full hearing, resulting in additional suspensions, and now a recommendation of his disbarment. And even if a court were to find that the suspension addressed by the underlying antitrust suit was motivated by bias, Manookian would be suspended or even likely disbarred for the other independent conduct.

## III.   MANOOKIAN FAILS TO PLEAD FACTS THAT OVERCOME THE JUDGMENTAL IMMUNITY AFFIRMATIVE DEFENSE

Manookian criticizes Defendants' tactical and reasoned decision to file a Rule 54 motion in the underlying case against BPR officials. He does not address how Defendants' position that the district court's order did not constitute a final judgment because not all issues had been decided rather than immediately appeal was an unreasonable position to take. Manookian suggests that there be a battle of the legal

1   experts on the supposed correctness of the Sixth Circuit's opinion, a matter of public
2   record already available for this Court's review. RJN, Ex. 15. Manookian does not
3   reconcile his conclusory assertion that Defendants' tactical judgment call constituted
4   negligence with the fact that attorneys need not (and cannot) predict how a court will
5   resolve uncertain legal questions and, as a matter of course, attorneys sometimes lose
6   cases or decisions. RJN, Exs. 13, 14 & 15. The governing legal debate is already
7   apparent, and this Court may determine as a matter of law—without redundancy of
8   dueling expert opinions—that Defendants' judgment regarding how to proceed
9   toward an appeal is supported by established law.

10       The Sixth Circuit found that the district court's stay of some claims was a final
11   judgment because it effectively put Manookian "out of court" with respect to his
12   request for equitable and prospective relief. It reasoned that since the Tennessee
13   Supreme Court maintained jurisdiction over Manookian's state bar proceedings, its
14   decision denying a due process claim would have a res judicata effect on the district
15   court proceedings. *RSM Richter, Inc. v. Behr Am., Inc*., 729 F.3d 553, 556 (6th Cir.
16   2013) (quoting *Quackenbush v. Allstate Ins. Co*., 517 U.S. 706, 713 (1996)). *See* RJN,
17   Ex. 16 at 2. Under the relevant doctrines, the Sixth Circuit's reasoning curiously
18   overlooked a scenario in which the Tennessee Supreme Court might agree with
19   Manookian's arguments on equitable injunctive relief, including the constitutionality
20   of an indefinite suspension process that does not mandate timely hearings.  Pts. &
21   Auths. in support of Fed. R. Civ. Proc. 12(b)(6) Mtn. at 20.

22       Manookian's opposition recognizes that the alternative—filing an immediate
23   notice of appeal—would "risk[] the Sixth Circuit might hold otherwise, effectively
24   ending Mr. Manookian's case." (Opp. at 12.) This reflects a tactical judgment call on
25   the part of Defendants within the specific context of Manookian's case, which was
26   complicated by the fact that he had raised some of the same constitutional claims in
27   both federal proceedings (with Bona Law as counsel) and state proceedings (without
28   Bona Law as counsel). The net effect of this strategy is that whichever case was finally

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   decided first would have a claim preclusive effect upon the other pending case. The

2   decision to seek a Rule 54 ruling would allow the federal constitutional case to

3   continue and provide time for Manookian to settle without losing leverage, and reduce

4   the risk that filing an immediate appeal would implicitly concede that the federal

5   district court's ruling was a final judgment, which could also create preclusion issues

6   for the then-existing state proceedings.

7          Thus, Bona Law's decision to proceed in the manner in which it did reflected

8   tactical considerations that would have affected the viability of Manookian's future

9   claims, one way or another. Bona Law also exercised sound professional judgment

10  when it took into consideration that the form of the District Court's order did not

11  include a separate document, as that term has been interpreted by relevant case law,

12  thereby triggering the 180-day time limit that applies to orders that are not set forth in

13  a separate document. For an order to constitute a separate document under Federal

14  Rule Civil Procedure Rule 58's requirements, it "should be as minimal as possible,"

15  which is not the case with the District Court's longer order that addresses five

16  different filings and recites the procedural history of the case. *e.g.*, *Hyland v. Liberty*

17  *Mut. Fire Ins. Co.,* 885 F.3d 482 (7th. Cir. 2018). Manookian cannot prevail even if

18  provided an opportunity to present expert testimony.

19

20  **IV.    MANOOKIAN CANNOT STATE A CLAIM FOR BREACH OF**

21  **FIDUCIARY DUTY**

22          Manookian argues that he can plead a separate claim for breach of fiduciary

23  duty based on the theory that Defendants failed to keep him adequately informed.

24  Opp. Br. at 8-9 (citing *Allied Waste N. Am., Inc. v. Lewis, King, Krieg & Waldrop,*

25  *P.C.*, 93 F. Supp. 3d 835 (M.D. Tenn. 2015)). Manookian merely repackages his claim

26  that Defendants acted incompetently regarding the Sixth Circuit appeal by

27  characterizing their correspondence as "false[] and fraudulent[]." Including adjectives

28  does not transform what is a single malpractice allegation into a second claim for

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4829-6217-3692.4

11

Case No. 21CV0562 WQH BLM

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

1  breach of a fiduciary duty. More importantly, Manookian fails to explain (and does
2  not allege) what critical update was not provided to him.

3

4  **V.     MANOOKIAN CANNOT ALLEGE CLAIMS AGAINST BLANQUEZ**
5  **AND HASSKAMP FOR BREACH OF FIDUCIARY DUTY**

6        Manookian concedes his complaint pleaded no specific allegations about
7  individual Defendants Luis Blanquez and Luke Hasskamp, except for simply alleging
8  that they are licensed in California and Minnesota. Dkt. 15 at 19-20. And Manookian
9  fails to respond to the authority cited by Defendants that dismissed inadequately
10 pleaded malpractice claims against individual attorneys. Because Manookian has
11 attributed no specific action to Blanquez or Hasskamp, those claims should be
12 dismissed.

13        Manookian simply points to a single, conclusory allegation that each
14 Defendant "acted as the principal of or agent for each other Defendant . . . ." Dkt. 15
15 at 20. Yet Manookian has provided no authority that simply acting as an agent of
16 another defendant is enough to impose individual liability. Indeed, it is not. See, e.g.,
17 *Remote Woodyards, LLC v. Estate of Neisler*, 340 S.W.3d 411, 417 (Tenn. Ct. App.
18 2009) ("However where a defendant acts as an agent for a known principal, the
19 defendant-agent incurs no liability for a principal's breach of duty.") (quoting 3 Am
20 Jur 2d, Agency §298); *Everest Investors 8 v. Whitehall Real Estate Ltd. P'ship XI*,
21 100 Cal. App. 4th 1102, 1107 (Cal. Ct. App. 2002) (absent allegations that employees
22 were acting for their own benefit, they could not be held individually liable for
23 conspiring to breach principal's fiduciary duty).

24

25 **VI.    CONCLUSION**

26        For these reasons, Defendants respectfully request that the Court dismiss
27 Manookian's Complaint.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   DATED:  September 27, 2021       LEWIS BRISBOIS BISGAARD & SMITH LLP

2

3

4                                    By:    /s/ Brian Slome

5                                          Brian Slome
                                           Kenneth C. Feldman
6                                          Attorneys for Defendants, Bona Law P.C.,
                                           Jarod Bona, David Codell, Aaron Gott,
7                                          Luke Hasskamp, and Luis Blanquez

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# VII. TIMELINE OF RELEVANT PROCEEDINGS



**Key:**
**Orange** = Federal District Court Proceedings
**Green** = Federal Court of Appeals Proceedings
**Yellow** = TN BPR R. 9, §12.3 Suspension Proceedings
**Magenta** = TN BPR R. 9,§12.2 Disbarment Proceedings

**03/20/19**
Manookian hires Bona Law to file a federal antitrust suit

**06/11/19**
BPR files motion to dismiss antitrust claims

**04/12/19**
Manookian through Bona Law files federal lawsuit against BPR members based on antitrust and constitutional challenges to Tennessee Supreme Court Rule 9, Section 12.3

**02/28/20**
District court dismisses damages claims and stays injunctive and declaratory relief claims

**03/30/20**
Bona Law files FRCP 54(b) motion asking district court to enter judgment

**09/04/20**
District Court rules FRCP 54(b) motion moot

**12/08/20 & 12/09/20**
Bona Law withdraws from federal case.

**11/20/18**
Manookian alleged to have threatened a mother with jail time.
(UNBEKNOWNST TO BONA LAW)

**12/13/18**
Manookian alleged to have committed perjury resulting in mother losing custody
(UNBEKNOWNST TO BONA LAW)

**10/26/19**
Bona Law files motion in district court seeking injunctive relief against future BPR actions under challenged Rule 9, Section 12.3.

**08/24/20**
Bona Law files notice of appeal to the U.S. Court of Appeals for Sixth Circuit.

**01/05/21**
U.S. Court of Appeals for Sixth Circuit dismisses federal appeal

Dec. 2017 — Nov. 2018 — Oct. 2019 — Aug. 2020 — Present

March 2018 — April 2019 — Jan. 2020

**12/18/17**
BPR files petition to suspend Manookian pursuant to Tennessee Supreme Court Rule 9, Section 12.3.
(PRIOR TO BONA LAW'S INVOLVEMENT)

**03/22/18**
BPR files supplemental petition to suspend Manookian pursuant to Tennessee Supreme Court Rule 9, Section 12.3.
(PRIOR TO BONA LAW'S INVOLVEMENT)

**09/18/18**
BPR files second petition to suspend Manookian pursuant to Tennessee Supreme Court Rule 9, Section 12.3.
(PRIOR TO BONA LAW'S INVOLVEMENT)

**09/21/18**
Tennessee Supreme Court suspends Manookian pursuant to Tennessee Supreme Court Rule 9, Section 12.3.
(PRIOR TO BONA LAW'S INVOLVEMENT)

**02/27/19**
Tennessee Supreme Court denies Manookian's petition for dissolution
(PRIOR TO BONA LAW'S INVOLVEMENT)

**05/17/19**
Tennessee Supreme Court grants Manookian's petition for dissolution of temporary suspension.
(MANOOKIAN REPRESENTED BY TENNESSEE COUNSEL)

**05/24/19**
BPR files third petition to suspend Manookian
(MANOOKIAN REPRESENTED BY TENNESSEE COUNSEL)

**08/06/20**
BPR files supplemental petition for discipline and Manookian is suspended pursuant to Tennessee Supreme Court Rule 9, Section 12.3.
(MANOOKIAN REPRESENTED BY TENNESSEE COUNSEL)

**10/11/19 & 10/17/19**
Tennessee Supreme Court suspends Manookian and denies his petition to dissolve suspension.
(MANOOKIAN REPRESENTED BY TENNESSEE COUNSEL)

**08/25/2021**
BPR files report and recommendation that Manookian be disbarred based on six instances of alleged misconduct after an evidentiary hearing pursuant to TN. S. Ct. Rule 9, Section 12.2 for alleged conduct on 11/14/18, 11/20/18, 12/13/18, 07/22/19, among other conduct.
(MANOOKIAN REPRESENTED BY TENNESSEE COUNSEL)

1

## CERTIFICATION OF ELECTRONIC SERVICE

*Manookian v. Bona Law, et al.*
USDC, Southern District Case No. 21CV0562 WQH BLM

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 550 West C Street, Suite 1700, San Diego, CA 92101.  I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On September 27, 2021, I served the following document(s):

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

| | |
|---|---|
| Frank J. Johnson, Esq. | John Spragens, Esq. |
| FrankJ@johnsonfistel.com | john@spragenslaw.com |
| Kristen O'Connor, Esq. | SPRAGENS LAW PLC |
| KristenO@johnsonfistel.com | 311 22nd Ave. No. |
| JOHNSON FISTEL, LLP | Nashville, TN 37203 |
| 655 West Broadway, Suite 1400 | Telephone: (615) 983-8900 |
| San Diego, CA 92101 | Facsimile: (615) 682-8533 |
| Telephone: (619) 230-0063 | |
| Facsimile: (619) 255-1856 | *Lead Counsel for Plaintiff* |
| | (Pro Hac Vice forthcoming) |
| *Local Counsel for Plaintiff* | |

The documents were served by the following means:

☒   (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on September 27, 2021, at San Diego, California.

*Jeff de Gruchy*

_____
Jeff de Gruchy

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4829-6217-3692.4

1

Case No. 21CV0562 WQH BLM

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT