1
2
3
4
5
6
7                          UNITED STATES DISTRICT COURT
8                        SOUTHERN DISTRICT OF CALIFORNIA
9

10   BRIAN P. MANOOKIAN,                     Case No.:  21-cv-0562-WQH-BLM

11                              Plaintiff,   **ORDER**

12   v.

13   BONA LAW P.C.; JAROD BONA;
     DAVID CODELL; AARON GOTT;
14   LUKE HAASKAMP; and LUIZ
     BLANQUEZ,
15
16                            Defendants.

17
HAYES, Judge:
18
            The matters before the Court are the Motion to Dismiss (ECF No. 5) and
19
     Administrative Motion to Tentatively File Under Seal (ECF No. 12) filed by Defendants
20
     Bona Law P.C., Jarod Bona, David Codell, Aaron Gott, Luke Hasskamp, and Luiz
21
     Blanquez.[1]
22
     **I.    PROCEDURAL BACKGROUND**
23
            On March 30, 2021, Plaintiff Brian Manookian filed a Complaint against Defendants
24
     Bona Law P.C., Jarod Bona, David Codell, Aaron Gott, Luke Hasskamp, and Luiz
25
26
27   _____
28   [1] The Court uses the spelling of Defendant Hasskamp's name as used by the parties in their briefing rather
     than the name as alleged in the Complaint ("Haaskamp").

                                                 1

Blanquez (the "Bona Parties"). (ECF No. 1). Plaintiff brings legal negligence (i.e. legal malpractice) and breach of fiduciary duty claims arising from Defendants' representation of Plaintiff in a lawsuit filed in the United States District Court for the Middle District of Tennessee in 2019. On June 14, 2021, Defendants filed a Motion to Dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 5).

On September 10, 2021, Defendants filed an Administrative Motion to Tentatively File Under Seal an August 25, 2021 Report and Recommendation of the Tennessee Board of Professional Responsibility (ECF No. 12). Defendants request that the Court take judicial notice of the document in connection with their Motion to Dismiss and state that they filed the Administrative Motion to Tentatively File Under Seal "as a courtesy to the Plaintiff so that he has an opportunity to seek sealing order of this court in response if he so chooses." [2] (*Id.* at 2).

On September 13, 2021, Plaintiff filed an Opposition to the Motion to Dismiss. On September 27, 2021, Defendants filed a Reply.

## II. ALLEGATIONS IN THE COMPLAINT

Plaintiff Brian Manookian is a "lawyer who has practiced law in Tennessee for over a decade." (ECF No. 1 ¶ 15). "On March 20, 2019, Mr. Manookian retained the Bona Parties to represent him in [an] Antitrust Suit," which "alleged, among other things, that Mr. Manookian's competitors had acted to illegally exclude him from the market for legal services, thereby resulting in millions of dollars of damages to Mr. Manookian . . . ." (*Id.* ¶¶ 16-17). Defendant Bona Law P.C. is a law firm. Defendants Jared Bona, David Codell, Aaron Gott, Luke Hasskamp, and Luiz Blanquez are attorneys licensed to practice law in

---

[2] Defendants request that the Court take judicial notice of seventeen documents filed concurrently with their Motion to Dismiss (ECF No. 5-2), in addition to the document that is the subject of the Motion to File Document Under Seal (ECF No. 14). Plaintiff requests that the Court take judicial notice of two documents filed with his Opposition. (ECF No. 15). Judicial notice of all requested documents is denied, as the documents are unnecessary to this Order.

the States of California or Minnesota.  "Each Defendant . . . acted as the principal of or agent for each other Defendant as to the acts . . . alleged in this complaint."  (*Id.* ¶ 13).

Plaintiff and Defendant Jared Bona "executed an attorney-client engagement agreement, and [Plaintiff] paid a fee to the Bona Parties."  (*Id.* ¶ 18).  On April 29, 2019, Defendants filed an antitrust suit on behalf of Plaintiff in the United States District Court for the Middle District of Tennessee.  "On February 28, 2020, the [district court] issued an order . . . dismissing Mr. Manookian's claims for damages in the Antitrust Suit."  (*Id.* ¶ 22).  Defendants "assured Mr. Manookian on multiple occasions that the [ ] Order was not final and therefore not subject to the thirty (30) day deadline for appeal."  (*Id.* ¶ 24).

Defendants in this case "filed a Notice of Appeal for the [ ] Order" on behalf of Plaintiff "one hundred and seventy-seven (177) days" after the entry of the district court's order.  (*Id.* ¶ 25).  "On January 5, 2021, the United States Court of Appeals for the Sixth Circuit issued an opinion finding that the Bona Parties, on behalf of Mr. Manookian, had missed the deadline for filing the Notice of Appeal . . . ."  (*Id.* ¶ 26).  "As a result, Mr. Manookian's substantial claims for damages . . . have been forever waived, lost, and foregone." (*Id.* ¶ 27).  "Following the issuance of the Sixth Circuit's opinion, [Defendants] David Codell and Jarod Bona wrote to Brian Manookian falsely and fraudulently characterizing the Sixth Circuit's holding in an attempt to evade liability for their own negligence and gross recklessness" and stated that "any future attempts to appeal would be futile." (*Id.* ¶ 28).

Defendants "breached the applicable standard of care" and "their fiduciary duties" by committing the acts described in the Complaint, which has "directly and proximately caused damage to Brian Manookian in an amount to be determined at trial but not less than twenty million dollars ($20,000,000)."  (*Id.* ¶¶ 32-33, 35).  Plaintiff brings the following claims against Defendants: 1) legal malpractice; and 2) breach of fiduciary duty.  Plaintiff seeks direct, consequential, and punitive damages, and interest.

///

///

### III.   CONTENTIONS

Defendants contend that they did not breach "any standard of care as a matter of law and are shielded from liability based on the doctrine of judgmental immunity" because Defendants "exercised sound professional judgment."   (ECF No. 5-1 at 18, 21). Defendants contend that the Complaint fails to adequately allege facts to show causation. Defendants contend that had they filed an appeal in a timely manner, Plaintiff would have nevertheless lost on the merits of his underlying claims due to the preclusive effect of litigation in Tennessee state court.  Defendants contend that Plaintiff's breach of fiduciary duty claim is inadequately pled and should also be dismissed as duplicative of the legal malpractice claim.  Defendants contend that the Complaint fails to allege specific facts concerning Defendants Blanquez and Kasskamp sufficient to demonstrate breach or causation.

Plaintiff contends that the determination of "whether [Defendants'] failure to appeal was negligent or demonstrated reasonable skill and care" is a question of fact "not for the Court to determine[] at this stage of the case . . . ." (ECF No. 15 at 8, 11).  Plaintiff contends that Defendants' failure to appeal did constitute a breach of their duty to Plaintiff.  Plaintiff contends that the Complaint adequately alleges facts to show causation.  Plaintiff contends that his breach of fiduciary duty claim is distinct from his legal malpractice claim because it is premised on an additional factual allegation.  Plaintiff contends that the Complaint satisfies the notice pleading standard with respect to Defendants Blanquez and Hasskamp and that "Defendants know far better than [Plaintiff] who took which actions." (*Id.* at 19).

### IV.   LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In order to state a claim for relief, a pleading "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Dismissal under Rule 12(b)(6) "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory."  *Shroyer v. New Cingular*

*Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (second alteration in original) (quoting Fed. R. Civ. P. 8(a)).

The court must accept as true all "well-pleaded factual allegations." *Iqbal*, 556 U.S. at 679. The court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

## V.   LEGAL MALPRACTICE CLAIM[3]

In a claim for legal malpractice, the plaintiff must establish the following elements:

(1) that the accused attorney owed a duty to the plaintiff, (2) that the attorney breached that duty, (3) that the plaintiff suffered damages, (4) that the breach

---

[3] The parties apply Tennessee substantive law. In diversity cases, "federal courts must apply the choice-of-law rules of the forum state." *Ledesma v. Jack Stewart Produce, Inc.*, 816 F.2d 482 (9th Cir. 1987). California and Tennessee law do not materially differ on the substantive issues addressed in this Order. No further choice of law analysis is necessary. *See Cooper v. Tokyo Elec. Power Co. Holdings*, 960 F.3d 549, 559 (9th Cir. 2020) (stating that under California's choice of law rules, "[f]irst, the court must determine whether the substantive laws of California and the foreign jurisdiction differ on the issue before it."). The Court will apply Tennessee law.

21-cv-0562-WQH-BLM

was the cause in fact of the plaintiff's damages, and (5) that the attorney's negligence was the proximate, or legal, cause of the plaintiff's damages.

*Gibson v. Trant*, 58 S.W.3d 103, 108 (Tenn. 2001).

"[A] lawyer's duty arises from an employment relationship with his or her client in which both the lawyer and the client consent to the establishment of an attorney-client relationship." *Austin v. Snead*, No. M2006-00083-COA-R3-CV, 2007 WL 3375335, at *5 (Tenn. Ct. App. Nov. 13, 2007). The Complaint alleges that "[o]n March 20, 2019, Mr. Manookian retained the Bona Parties to represent him in [an] Antitrust Suit." (ECF No. 1 ¶ 17). The Complaint alleges that Plaintiff and Defendant Jared Bona "executed an attorney-client engagement agreement, and [Plaintiff] paid a fee to the Bona Parties." (*Id.* ¶ 18). The Complaint alleges that Defendants acted on Plaintiff's behalf in litigating and appealing the underlying antitrust suit. The Complaint alleges fact sufficient to show that Defendants owed a duty to Plaintiff.

"A plaintiff can show breach of the duty owed by an attorney by demonstrating that 'the attorney's conduct fell below that degree of care, skill, and diligence which is commonly possessed and exercised by attorneys practicing in the same jurisdiction.'" *Jones v. Allman*, 588 S.W.3d 649, 655 (Tenn. Ct. App. 2019) (quoting *Sanjines v. Ortwein and Assocs., P.C.*, 984 S.W.2d 907, 910 (Tenn. 1998). Under the judgmental immunity doctrine, "an attorney is not liable for mistakes made during litigation in the honest exercise of professional judgment." *Allied Waste N. Am., Inc. v. Lewis, King, Krieg & Waldrop, P.C.*, 93 F. Supp. 3d 835, 854 (M.D. Tenn. 2015). However, an attorney "is still bound to exercise a reasonable degree of skill and care in all his professional undertakings." *Woodruff v. Tomlin*, 616 F.2d 924, 930 (6th Cir. 1980).

The Complaint alleges that "On February 28, 2020, the [district court] issued an order . . . dismissing Mr. Manookian's claims for damages in the Antitrust Suit." (ECF No. 1 ¶ 22). The Complaint alleges that as a result of Defendants' belief that the district court's order was not final, Defendants "filed a Notice of Appeal" on behalf of Plaintiff "one hundred and seventy-seven (177) days" after the entry of the order. (*Id.* ¶¶ 24-25).

The Complaint alleges that the "United States Court of Appeals for the Sixth Circuit issued an opinion finding that the Bona Parties . . . had missed the deadline for filing the Notice of Appeal by one hundred seventy-seven (177) days." (*Id.* ¶ 26). The Complaint alleges that Defendants' "acts or omissions" described in the Complaint "breached [Defendants'] applicable standard of care . . . ." (*Id.* ¶ 32).

Whether Defendants' actions fell below the applicable standard of care is a question of fact that is inappropriate for resolution at the motion to dismiss stage. *See Allen v. Wiseman*, No. 01-A-01-9710-CV00565, 1998 WL 391803, at *2 (Tenn. Ct. App. July 15, 1998) ("Whether a lawyer's conduct meets a particular standard of conduct is a question of fact . . . ."); *Culpepper v. Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.*, No. E2019-01932-COA-R3-CV, 2020 WL 6112985, at *11 (Tenn. Ct. App. Oct. 16, 2020) (stating that whether a lawyer could "reasonably conclude that the lawyer will be able to provide competent and diligent representation . . . requires further factual determination that is inappropriate for judgment on the pleadings."). The Complaint alleges facts sufficient to support an inference that Defendants breached their duty of care to Plaintiff.

"[I]n a legal malpractice action, a plaintiff must prove that he would have obtained relief in the underlying lawsuit, but for the attorney's malpractice . . . ." *Shearon v. Seaman*, 198 S.W.3d 209, 214 (Tenn Ct. App. 2005). Thus, "[a] legal malpractice action . . . requires, in essence, a trial within a trial." *Id.* at 210. "Where there is an appeal, 'plaintiffs must demonstrate that the appeal of the underlying litigation would have been successful, and that upon trial after remand they would have obtained a recovery.'" *Allied Waste*, 93 F. Supp. 3d at 857 (quoting *Bruce v. Olive*, No. 03A01-9509-CV-00310, 1996 WL 93580, at *3 (Tenn. Ct. App. Mar. 4, 1996). In determining whether an appeal would succeed, an objective standard is used. *See id.* ("Courts and judges are not clairvoyant. It is impossible to determine what a trial or appeals judge would decide, or what verdict a jury on retrial might return. All that can be made is a best guess.").

The Complaint alleges that "Mr. Manookian retained the Bona Parties to represent him in [an] Antitrust Suit," which "alleged, among other things, that Mr. Manookian's

competitors had acted to illegally exclude him from the market for legal services . . . ." (ECF No. 1 ¶¶ 16-17). The Complaint alleges that the district court dismissed Plaintiff's claims for damages. The Complaint alleges that Defendants "assured Mr. Manookian that the [district court's] Order was legally unsound" and would be overturned on appeal. (*Id.* ¶ 23). The Complaint alleges that Defendants' negligent failure to timely appeal "has directly and proximately caused damage to Brian Manookian." (*Id.* ¶ 33). The Complaint does not allege sufficient facts concerning the underlying antitrust litigation to plausibly suggest that "the appeal of the underlying litigation would have been successful" or that Plaintiff would have "obtained a recovery" upon remand. *See, e.g., West Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 677 (7th Cir. 2016) (affirming dismissal of an Illinois legal malpractice claim under the trial-within-a-trial approach because the complaint "describe[d] the underlying . . . claim in rather summary fashion" and included only "conclusory assertions" that the plaintiff's liability "would have [been] eliminated or substantially reduced," but for his attorney's allegedly negligent conduct (emphasis omitted)). The Motion to Dismiss Plaintiff's legal malpractice claim is granted.

## VI.   BREACH OF FIDUCIARY DUTY CLAIM

"To make out a claim for breach of a fiduciary duty, a plaintiff must plead facts that, if true, would establish each of these elements: '(1) a fiduciary relationship, (2) breach of the resulting fiduciary duty, and (3) injury to the plaintiff or benefit to the defendant as a result of that breach.'" *Nashville Tenn. Ventures, Inc. v. McGill*, No. M2020-01111-COA-R3-CV, 2021 WL 2070133, at *5 (Tenn. Ct. App. May 24, 2021).

To the extent Plaintiff's breach of fiduciary duty claim rests on the same facts and injuries as Plaintiff's legal malpractice claim, the Complaint fails to allege facts to show that Defendant's breach caused damages. *See Morrison v. Allen*, 338 S.W.3d 417, 438 (Tenn. 2011) (applying the "but for" negligence causation standard to a breach of fiduciary duty claim). Plaintiff asserts an additional factual basis for his breach of fiduciary duty claim—that the Complaint alleges that "[f]ollowing the issuance of the Sixth Circuit's opinion, [Defendants] David Codell and Jarod Bona wrote to Brian Manookian falsely and

fraudulently characterizing the Sixth Circuit's holding in an attempt to evade liability for their own negligence and gross recklessness," and stated that "any future attempts to appeal would be futile." (*Id.* ¶ 28). The Complaint does not adequately allege facts to plausibly suggest this communication was a breach of Defendants' fiduciary duty, or caused an injury to Plaintiff.[4] The Motion to Dismiss Plaintiff's breach of fiduciary duty claim is granted.

## VII. MOTION TO FILE DOCUMENT UNDER SEAL

A party seeking to file an attachment to a dispositive motion document under seal "bears the burden of overcoming th[e] strong presumption [in favor of public access to judicial records] by meeting the compelling reasons standard." *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "[T]he party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." *Id.* at 1178-79. Defendants filed the Administrative Motion to Tentatively File Under Seal "as a courtesy to the Plaintiff so that he has an opportunity to seek sealing order of this court in response if he so chooses." (ECF. No. 12 at 2). The docket reflects that Plaintiff has not sought a further sealing order. There are no "compelling reasons" in the record to file the requested document under seal. The Administrative Motion to Tentatively File Under Seal is denied.

## VIII. CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss filed by Defendants Bona Law P.C., Jarod Bona, David Codell, Aaron Gott, Luke Hasskamp, and Luis Blanquez (ECF No. 5) is granted. Plaintiff Brian Manookian's Complaint is dismissed without prejudice. No later than thirty (30) days from the date of this Order, Plaintiff may file a motion for leave to amend. If no motion is filed, the Court will order that the Clerk shall close the case.

---

[4] The Court does not reach the issue of whether Plaintiff's breach of fiduciary claim should be dismissed on the basis that it is duplicative of Plaintiff's legal malpractice claim.

9

1    IT IS FURTHER ORDERED that the Administrative Motion to Tentatively File

2  Under Seal (ECF No. 12) is denied.

3

4   Dated:  November 8, 2021

5                                                          Hon. William Q. Hayes
6                                                          United States District Court

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21-cv-0562-WQH-BLM